**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NORFOLK DIVISION)**

JOSEPH COVELL BROWN,
                                                        *Plaintiff*,

v.                                                                                          Civil Action No. _____

MARCUS PORTER,
NORFOLK STATE UNIVERSITY,
THE BOARD OF VISITORS OF
NORFOLK STATE UNIVERSITY,
THE COMMONWEALTH OF VIRGINIA,
and
TRACCI K. JOHNSON,

                                        *Defendants*.

<u>NOTICE OF REMOVAL</u>

Defendants, Marcus Porter, Norfolk State University, The Board of Visitors of Norfolk

Sate University, The Commonwealth of Virginia and Tracci K. Johnson, ("Defendants"), by

counsel, pursuant to 28 U.S.C. § 1441 *et seq*., remove this civil action, originally filed in state

court, to this Court for the following reasons:

1.        On June 14, 2010, Joseph Covell Brown ("Brown" or "Plaintiff") filed the

attached Summons and Complaint in the Circuit Court of the City of Norfolk (Case No. CL19-

6091) (attached hereto as Ex. A).

2.        The five-count Complaint alleges that the Defendants violated Plaintiff's due

process rights and infringed on his right to free speech in connection with his expulsion from

Norfolk State University and that pursuant to 42 U.S.C. § 1983 the individually named

defendants are liable to him; that the Defendants discriminated against him based on his gender

and based jointly on his religion and gender in violation of Title IX of the Education Act of

1972, 42 U.S.C. § 1681 *et seq.* ("Title IX"); and that Defendants breached a contract between

Plaintiff and Norfolk State University based on his expulsion from the school.

3.      Defendants Marcus Porter and Tracci K. Johnson[1] were served with the

Complaint by posted service on June 18, 2019, Norfolk State University and the Board of

Visitors of Norfolk State University were served with the Complaint on June 21, 2019, and the

Commonwealth of Virginia was served on July 9, 2019. Based on the first service date, this

notice of removal is timely filed pursuant to 28 U.S.C. § 1446.

4.      Additionally, Defendants timely filed responsive pleadings in the form of a

Demurrer and Plea in Bar in the Circuit Court of the City of Norfolk, which is attached hereto as

Ex. B.

5.      Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1443, this case meets the

requirements for removal to federal court as it asserts claims arising out of the United States

Constitution and laws of the United States, namely two claims under 42 U.S.C. § 1983 for

violations of the right to due process contained in the Fourteenth Amendment to the United

States Constitution and the right to free speech guaranteed by the First Amendment to the United

State Constitution and two  alleged violations of Title IX, and the events complained of by

Plaintiff took place within the City of Norfolk, Virginia.

6.      This Court has original jurisdiction over Plaintiff's federal question claims and

supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1331 (declaring that "[t]he

district courts shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States."); 28 U.S.C. § 1367(a) (declaring that "in any civil action

of which the district courts have original jurisdiction, the district courts shall have supplemental

---

[1] Defendant Johnson no longer resides in Virginia, thus service was not affected. All Defendants, however, are represented by the same counsel and filed responsive pleadings in state court on July 9, 2019.

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

7.      Plaintiff's state law claims - violations of free speech and due process under Virginia's Constitution and breach of contract - are based on the same set of facts as the federal claims and thus form the same case or controversy over which this Court has supplemental jurisdiction.

8.      Defendants, by and through the undersigned counsel, will provide written notice of the filing of its notice of removal to Plaintiff's counsel and to the Clerk of the Circuit Court of the City of Norfolk as required by 28 U.S.C. § 1446(d).

9.      Pursuant to Fed. R. Civ. P. 81(c)(2)(C), Defendants will also file a motion to dismiss, and an accompanying memorandum of law in support thereof, within seven days of the filing of this notice of removal.

10.     Defendants are all represented by the same counsel and all join the removal of this case to this Court.

WHEREFORE, and for the foregoing reasons, Defendants remove this civil action, originally filed in the Circuit Court of the City of Norfolk (Case No. CL19003841-00), to this Court and request it to properly proceed in federal court.

**Respectfully submitted,**
**MARCUS PORTER, NORFOLK STATE**
**UNIVERSITY, THE BOARD OF VISITORS OF**
**NORFOLK STATE UNIVERSITY, THE**
**COMMONWEALTH OF VIRGINIA,**
**and TRACCI K. JOHNSON**

By __/s/_____
Sandra S. Gregor (VSB No. 47421)
Assistant Attorney General
Jacqueline C. Hedblom (VSB No.
Assistant Attorney General
Office of the Virginia Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 786-1586
Facsimile:  (804) 371-2087
Emails:  sgregor@oag.state.va.us
         jhedblom@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Samuel Towell
Deputy Attorney General

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of July, 2019, the foregoing **Notice of Removal** was

emailed and mailed, postage prepaid, to:

Alastair C. Deans, Esquire
P.O. Box 13915
Chesapeake, VA 23325
alastaircdeans@gmail.com
*Counsel for Plaintiff, Joseph C. Brown*


By __/s/_____
Sandra S. Gregor (VSB No. 47421)
Assistant Attorney General
Office of the Virginia Attorney General
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 786-1586
Facsimile:  (804) 371-2087
Emails:  sgregor@oag.state.va.us