

FILED
FEB - 6 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSEPH COVELL BROWN,

    Plaintiff,

v.                          ACTION NO. 2:19cv376

MARCUS PORTER, in his individual
capacity,
NORFOLK STATE UNIVERSITY,
THE BOARD OF VISITORS OF
NORFOLK STATE UNIVERSITY,
THE COMMONWEALTH OF VIRGINIA,
and
TRACCI K. JOHNSON, in her
individual capacity,

    Defendants.

## MEMORANDUM ORDER

This matter comes before the court on the Motion to Dismiss and Memorandum in Support filed by Defendants Marcus Porter, Norfolk State University ("NSU"), the Board of Visitors of Norfolk State University ("the Board"), the Commonwealth of Virginia ("the Commonwealth"), and Tracci K. Johnson (collectively, "the Defendants"). ECF No. 4.

### I. Procedural History

The Plaintiff filed his Complaint in the Circuit Court of the City of Norfolk on June 14, 2019. ECF No. 1-2. The Defendants filed a timely Notice of Removal in this court on July 18, 2019. ECF

No. 1. The Defendants filed a Motion to Dismiss and Memorandum in Support on July 25, 2019. ECF Nos. 4, 5. The Plaintiff filed a Memorandum in Opposition on August 12, 2019. ECF No. 9. The Defendants filed a Reply on August 20, 2019. ECF No. 12.

On August 29, 2019, this court referred the Motion to Dismiss to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion to Dismiss. ECF No. 13.

Judge Krask filed the Report and Recommendation ("R&R") on November 26, 2019. ECF No. 14. The R&R recommended that the motion to dismiss for lack of subject matter jurisdiction be granted as to Count I and that Count I be dismissed with prejudice;[1] that the motion to dismiss for failure to state a claim be granted as to Counts II, III, IV, and V, and that Counts II, III, IV, and V be dismissed without prejudice; and that the Plaintiff be provided with leave to amend Counts II, III, IV, and V within fourteen days

---

[1] Given this recommendation and the court's agreement therewith, see infra Part II, the court does not address the alternative recommendation to deny the motion to dismiss Count I for failure to state a claim. R&R at 50.

2

of the final order addressing the Motion to Dismiss. Id. at 50-51.

The parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date of the mailing of the R&R to the objecting party. Id. at 51. The Plaintiff filed Objections and the Defendants filed a Partial Objection to the R&R on December 10, 2019. ECF Nos. 15, 16. The Plaintiff and Defendants filed Responses on December 24, 2019. ECF Nos. 17, 18.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II. Plaintiff's Objection on Count I

The Plaintiff first objects to the R&R's conclusion that his claims against the Commonwealth[2] in Count I are barred by the Eleventh Amendment. Pl. Obj. at 2, ECF No. 15. Although the

---

[2] The Plaintiff does not object to the R&R's conclusion that his claims against NSU and the Board in Count I are barred by sovereign immunity, and the court finds no clear error to such conclusion. Pl. Obj. at 7; R&R at 24 n.11. Therefore, this discussion in Part II only addresses the Commonwealth and no other named defendants.

3

Defendants had raised both Eleventh Amendment immunity and common law sovereign immunity in their Motion to Dismiss, the R&R did not find it necessary to reach the common law sovereign immunity question. R&R at 24 n.11 This court overrules the Plaintiff's objection on this issue but finds it necessary to supplement the R&R's reasoning by addressing the common law sovereign immunity issue, as explained further below.

Under the Eleventh Amendment of the Constitution of the United States, a state is generally immune from suit in federal court by its own citizens or citizens of another state. U.S. CONST. amend. XI; Hans v. Louisiana, 134 U.S. 1 (1890). A defendant-state waives its Eleventh Amendment immunity, however, if it (1) has waived common law sovereign immunity over the case in its own state courts and (2) removes the case to federal court. Stewart v. North Carolina, 393 F.3d 484, 488 (4th Cir. 2005) (explaining that a state waives Eleventh Amendment immunity if it "removes an action to federal court having already consented to suit in its own courts"); see Lapides, 535 U.S. at 619. One way a state waives common law sovereign immunity over a case is if there is a state statute waiving sovereign immunity over the suit in its own courts. Id. at 616.

In this case, the Defendants removed the case to federal court, and the Plaintiff argues that the Virginia Tort Claims Act ("VTCA") operates as a statutory waiver of common law sovereign

4

immunity. Pl. Obj. at 2, 4; see VA. CODE ANN. § 8.01-195.1 et seq. Therefore, under the framework set out in Stewart and Lapides, it is necessary for this court to resolve the common law sovereign immunity question in order to resolve the Eleventh Amendment immunity question.[3]

At a threshold level, the VTCA waives Virginia's sovereign immunity from claims only "if a private person[] would be liable to the claimants for such damage." VA. CODE. ANN. § 8.01-195.3. As other courts have recognized, this language does not waive immunity over "constitutional torts," such as the constitutional due process claim at issue in Count I, because those claims are typically not cognizable against a private person. See, e.g., FDIC v. Meyer, 510 U.S. 471, 482 (1994) (interpreting similar language in the Federal Tort Claims Act and stating that "tort liability arising under the Constitution . . . generally does not apply to private entities"). Moreover, the VTCA limits its application to claims resulting from "damage to or loss of property or personal

---

[3] The R&R was able to avoid the common law sovereign immunity question because it found that the VTCA does not waive Eleventh Amendment immunity in federal court, and it pointed to cases from the Fourth Circuit and the U.S. District Court for the Western District of Virginia finding the same. R&R at 23 (citing McConnell v. Adams, 829 F.2d 1319, 1329 (4th Cir. 1987); Haley v. Va. Dep't of Health, No. 4:12cv16, 2012 WL 5494306, at *5 (W.D. Va. Nov. 13, 2012)). However, those cases did not involve removal and therefore did not require the court to consider whether the VTCA waived sovereign immunity in state court, as is required in removal cases under Lapides and Stewart.

5

injury or death." VA. CODE. ANN. § 8.01-195.3. Notably, the R&R concluded that the Plaintiff failed to allege a property interest in Count I. See R&R at 11. The Plaintiff did not object to that conclusion, and the court finds no clear error. As a result, the court finds that the VTCA is not, as argued by the Plaintiff, a statutory waiver of common law sovereign immunity over this suit in federal or state court.[4]

Having found that the Commonwealth had not waived its common law sovereign immunity over this suit when it removed the case to federal court, this court **OVERRULES** the objection and **ADOPTS** and **APPROVES** the R&R's conclusion that the claims against the Commonwealth in Count I are barred by Eleventh Amendment immunity.

### III. Plaintiff's Remaining Objections

The Plaintiff next objects to the R&R's conclusion that his claims against Porter and Johnson are barred by qualified immunity, and specifically that his asserted due process right was clearly established by the weight of persuasive authority. Pl. Obj. at 7-14. As the Plaintiff acknowledges, the Fourth Circuit had not

---

[4] The Plaintiff has also pointed to the due process provision of the Virginia constitution as an alternative waiver of sovereign immunity. ECF No. 9 at 4-5. However, courts have not interpreted that provision to provide a waiver of sovereign immunity with respect to liberty interests, such as the one at issue here. R&R at 11 (finding that the Plaintiff sufficiently alleged a liberty interest, but not a property interest); see Doe v. Rectors and Visitors of George Mason Univ., 132 F. Supp. 3d 712, 728 (E.D. Va. 2015) (Ellis, J.).

6

explicitly held that procedural due process rights apply to disciplinary hearings at state universities at the time the Plaintiff's expulsion occurred. Id. at 10. To the contrary, as the R&R points out, another case in this district had recently found that such a right was not clearly established under a very similar set of facts as here. See Doe v. Rector and Visitors of George Mason Univ., 132 F. Supp. 3d 712, 724-27 (E.D. Va. 2015) (Ellis, J.). Given the lack of direct and binding precedent in support of the Plaintiff's asserted right to procedural due process in the context of university disciplinary hearings, and for the reasons stated in the R&R, the court **OVERRULES** this objection and **ADOPTS** and **APPROVES** the R&R's conclusion that the claims in Count I against Defendants Porter and Johnson are barred by qualified immunity.

The Plaintiff also objects to the R&R's conclusion that the facts alleged in the Complaint fail to establish that the text message that precipitated the disciplinary actions against him was not a "true threat." Pl. Obj. at 14-15. The text message at issue was sent by the Plaintiff to his roommate, and said, "text me again and im breaking your jaw." R&R at 32. While the Complaint states that "[e]vidence available to NSU officials indicated Smith [i.e., the Plaintiff's roommate] considered the texting conversation to be playful in nature," it did not specify what that evidence was. Compl. at ¶ 28, ECF No. 1-2. Moreover, although the constitutional

7

test for true threats sometimes considers the subjective interpretation of the threat by the recipient, that is not the only factor. See, e.g., Virginia v. Black, 538 U.S. 343, 359 (2003) ("'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."). In sum, the Complaint clearly states that the Plaintiff made a threat in his text message, but it does not allege sufficient facts to establish that it was not a "true threat." Accordingly, and for the reasons stated in the R&R, the court **OVERRULES** this objection and **ADOPTS** and **APPROVES** the R&R's conclusion that, on the facts alleged, the text message at issue was a true threat that falls outside the protections of the First Amendment.

Finally, the Plaintiff objects to the R&R's conclusion that the facts alleged in the Complaint do not establish that NSU's disciplinary procedures are binding contractual terms. Pl. Obj. at 15-16. The court finds that the Complaint makes only conclusory allegations that the procedures cited by the Plaintiff constitute binding contractual terms. See Compl. at ¶¶ 144-48; Brown v. Rectors & Visitors of Univ. of Va., 361 F. App'x 531, 534 (4th Cir. 2010) (holding there were no factual allegations that the parties understood UVA's student handbook to be an enforceable contract between the University and its students). Accordingly,

8

and for the reasons stated in the R&R, the court **OVERRULES** this objection and **ADOPTS** and **APPROVES** the R&R's conclusion that the Complaint fails to sufficiently allege that NSU's disciplinary procedures constitute binding contractual terms.

## IV. Defendants' Objections

The Defendants object to the R&R's conclusions that the Complaint sufficiently alleged that the Plaintiff was deprived of a liberty interest when NSU expelled him, and that the expulsion involved constitutionally inadequate process. Def. Obj. at 3-8.

The Defendants' Partial Objection makes two points in arguing that the Plaintiff failed to sufficiently allege a liberty interest, neither of which are convincing. First, the Defendants argue that a deprivation of a liberty interest must involve the extinguishment of a statutory right or employment arrangement. Id. at 5. But the Defendants ignore Fourth Circuit case law recognizing liberty interests that do not implicate statutory or even contractual rights,[5] and fail to explain their assertion that employment is the only permissible liberty interest that does not implicate a statutory right. See Paul v. Davis, 424 U.S. 693, 701

---

[5] See, e.g., Sciolino v. City of Newport News, 480 F.3d 642, 645 (4th Cir. 2007) (information contained in personnel file of a probationary employee); Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 307 & n. 14 (4th Cir. 2006) (information contained in personnel file of an at-will employee); Boston v. Webb, 783 F.2d 1163, 1165-66 (4th Cir. 1986) (reasons for at-will employee's discharge).

9

(1976) (stating that liberty interests must implicate some sort of "tangible interest[] such as," but not necessarily limited to, "employment"). Second, the Defendants assert that the Complaint failed to allege a "stigmatizing statement" made in conjunction with the expulsion. Def. Obj. at 5. To the contrary, and as discussed in the R&R, the Complaint states that the expulsion "permanently tarnished [the Plaintiff's] academic record" and has caused "significant reputational [and] professional injury," and mentions humiliation resulting from his public arrest. See Compl. at ¶¶ 53, 78, 87, 88, 95; R&R at 14-15.

Finally, the Defendants object to the R&R's conclusion that the Plaintiff's expulsion involved constitutionally inadequate process. Def. Obj. at 5-8. While the objection focuses on evidence that it says contradicts the R&R's conclusion that the Plaintiff "was not given adequate notice of the charges against him," the R&R cited a number of other ways in which the expulsion hearing lacked adequate due process. See R&R at 17-18. Even granting the Defendants' contention that the Plaintiff had notice of the charges against him at some point prior to the hearing, this court finds that the remaining examples mentioned in the R&R resulted in constitutionally insufficient procedural due process.

Accordingly, the court **OVERRULES** the Defendants' objections and **ADOPTS** and **APPROVES** the R&R's conclusion that the Plaintiff was deprived of a liberty interest without constitutionally adequate due process.

## V. Conclusion

Having reviewed the record in its entirety and the Objections to the R&R, and having made de novo determinations with respect thereto, the court hereby **OVERRULES** the Plaintiff's Objections to the R&R and the Defendants' Partial Objection to the R&R.

The court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, except that the court supplements the R&R's reasoning for the conclusion that claims against the Commonwealth in Count I of the Complaint are barred by Eleventh Amendment immunity and does not reach the alternative ground of dismissal for failure to state a claim in Count I.[6] Accordingly, the Defendants' Motion to Dismiss Count I for lack of subject matter jurisdiction is **GRANTED,** and Count I is **DISMISSED WITH PREJUDICE**. The Defendants' Motion to Dismiss Counts II, III, IV, and V is **GRANTED,** and Counts II, III, IV, and V are **DISMISSED WITHOUT PREJUDICE**. The Plaintiff is **GRANTED LEAVE TO AMEND**, within fourteen

---

[6] See supra note 1 and accompanying text.

11

(14) days of the entry date of this Memorandum Order, with respect to Counts II, III, IV, and V.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

February 6, 2020