UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSEPH COVELL BROWN,

        Plaintiff,

    v.                                          CIVIL ACTION NO. 2:19cv376

MARCUS PORTER,
NORFOLK STATE UNIVERSITY,
THE BOARD OF VISITORS OF
NORFOLK SATE UNIVERSITY,
THE COMMONWEALTH OF VIRGINIA,
and
TRACCI K. JOHNSON,

        Defendants.

## MEMORANDUM ORDER

This matter comes before the court on the Motion to Dismiss and Memorandum in Support filed on May 13, 2020, by Defendants Marcus Porter, Norfolk State University ("NSU"), the Board of Visitors of Norfolk State University ("the Board"), the Commonwealth of Virginia ("the Commonwealth"), and Tracci K. Johnson (collectively, "the Defendants"). ECF Nos. 36, 37.

### I. Procedural History

The Plaintiff filed the original Complaint in the Circuit Court of the City of Norfolk on June 14, 2019. ECF No. 1-2. The Defendants filed a timely Notice of Removal in this court on July 18, 2019. ECF No. 1. The Defendants filed a Motion to

Dismiss and Memorandum in Support on July 25, 2019. ECF Nos. 4, 5.

On August 29, 2019, this court referred the Motion to Dismiss to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 13. On February 6, 2020, the court issued a Memorandum Order, ECF No. 19, adopting and approving the Magistrate Judge's Report and Recommendation, ECF No. 14. The court granted the Defendants' Motion to Dismiss Count I for lack of subject matter jurisdiction with prejudice, and granted the Defendants' Motion to Dismiss Counts II, III, IV, and V, with leave to amend the Complaint. ECF No. 19 at 11-12.

The Plaintiff filed an Amended Complaint on February 20, 2020, alleging violations of his constitutional right to free speech (Count II), gender discrimination in violation of Title IX (Count III), and breach of contract (Count V), based on events surrounding his expulsion from NSU in June, 2017.[1] ECF No. 20. On May 13, 2020, the Defendants filed a Motion to Dismiss and Memorandum in Support. ECF Nos. 36, 37. The Plaintiff filed his Memorandum in Opposition, ECF No. 38, on May 27, 2020, and the Defendants filed a Reply, ECF No. 44, on June 5, 2020.

---

[1] The Plaintiff numbered each count in the Amended Complaint to correspond to the original Complaint.

On June 10, 2020, the matter was referred to Judge Krask pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings and to submit to the undersigned district judge proposed findings and recommendations for the disposition of the Motion to Dismiss. ECF No. 45.

On October 20, 2020, the Magistrate Judge filed his Report and Recommendation ("R&R"), which recommends granting the Motion to Dismiss in its entirety. ECF No. 46. The parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen (14) days from the date of the mailing of the R&R to the objecting party. Id. at 26. The Plaintiff filed Objections to the R&R on November 3, 2020, ECF No. 47, to which the Defendants responded on November 17, 2020, ECF No. 48. The Defendants did not file objections.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Plaintiff has specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

3

## II. Objections

### A. Qualified Immunity

The Plaintiff objects to the Magistrate Judge's conclusion that the free speech claims in Count II based on the Plaintiff's text messages and appeal letter are barred because Defendants Porter and Johnson are entitled to qualified immunity. See Pl. Objs. at 2—7; R&R at 8-14. The Plaintiff argues that the Defendants' failure to provide adequate process by refusing to hold a disciplinary proceeding, follow disciplinary procedures, or consider his arguments on appeal, are not shielded by qualified immunity because those were "ministerial" functions, and not "discretionary." Pl. Obj. at 2; see Harlow v. Fitzgerald, 457 U.S. 800, 816, 102 S. Ct. 2727, 2737, 73 L. Ed. 2d 396 (1982) (Qualified immunity "is available only to officials performing discretionary functions," as opposed to "'ministerial' tasks.")

The alleged failure of the Defendants' to follow disciplinary procedures are due process claims, which were dismissed by the court with prejudice in the Memorandum Order issued on February 6, 2020. ECF No. 19 at 11. The Plaintiff bases his free speech claims in Count II on the Defendants' decisions to "expel[] him for a text message" and "deny[] his appeal" because of "comments in his appeal letter." Am. Compl. ¶ 110. The court agrees with the Magistrate Judge, and the

4

Plaintiff concedes, that the Defendants' decision to expel the Plaintiff and deny his appeal constituted discretionary acts. Pl. Objs. at 2.

Therefore, in order to overcome qualified immunity, the Defendants' conduct must "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Wilson v. Layne, 141 F.3d 111, 114 (4th Cir. 1998) (quoting Harlow, 457 U.S. at 818). The Plaintiff objects to the Magistrate Judge's conclusion that "a reasonable school official viewing the text message" at issue[2] "could conclude the message was a true threat." See Pl. Objs. at 6; R&R at 9; see also Doe v. Rector & Visitors of George Mason Univ. ("GMU"), 132 F. Supp. 3d 712, 729 (E.D. Va. 2015) ("[T]rue threats of violence constitute a category of speech falling outside the protections of the First Amendment) (citing Virginia v. Black, 538 U.S. 343, 358 (2003)). The Plaintiff claims that "Defendants would have realized" that the text was not a true threat "if they had performed their mandatory ministerial functions and provided him with a fair hearing and fair appeal." Pl. Objs. at 6. However, such speculation does not undercut the Magistrate Judge's well-reasoned and correct determination that Johnson and Porter are entitled to qualified immunity because the decision to expel

---

[2] The text message was sent by the Plaintiff to his roommate, and said, "text me again and im breaking your jaw." R&R at 32.

the Plaintiff based in part on the text message did not violate any clearly established First Amendment right.

Similarly, the decision to uphold the Plaintiff's expulsion on appeal, based in part on "frustrated and insulting" language in the Plaintiff's appeal letter, did not violate any clearly established First Amendment right. See R&R at 15-16. The Plaintiff argues that the Defendant Johnson did not address the concerns raised in the Plaintiff's appeal letter "as punishment for his speech in the letter." Pl. Objs. at 7. The court agrees with the Magistrate Judge that "[a] reasonable school official addressing Brown's appeal could consider the language in [his] appeal letter . . . without violating any . . . clearly established free speech rights" because "[s]uch consideration is necessary 'to protect students and to support their educational mission.'" R&R at 15 (quoting GMU, 132 F. Supp. 3d at 729). Moreover, the language in the appeal letter was one consideration among others, including the Plaintiff's text message to his roommate, a previous incident in which the Plaintiff punched another individual, and his volatile behavior. See id.; Am. Compl., Ex. 5.

Therefore, the court **OVERRULES** the Plaintiff's objection on Count II and **ADOPTS** and **APPROVES** the Magistrate Judge's conclusion that the claims in Count II against Johnson and

Porter based on the text messages and the appeal letter are barred by qualified immunity.

## B. Gender Discrimination

The Plaintiff objects to the Magistrate Judge's determination that his gender discrimination claim under Title IX fails to state a claim. See Pl. Objs. at 8. The Magistrate Judge determined that the Plaintiff failed to state a gender discrimination claim because the Plaintiff "added no new factual allegations" to his Amended Complaint that "suggest[s] he was expelled due to his gender." R&R at 20-22. The Plaintiff argues that "NSU treats females more favorable in disciplinary proceedings," and bases this belief on "his suspicions . . . as a member of the NSU community." Pl. Objs. at 8. As explained in the R&R, the Amended Complaint fails to allege "particular circumstances suggesting that gender bias was a motivating factor behind" his expulsion, such as "statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." GMU, 132 F. Supp. 3d at 733 (citing Yusuf v. Vassar College, 35 F.3d 709, 715 (2d Cir. 1994)).

The Plaintiff's additional allegations essentially claim that the "defendants deprived him due process because he is a male and would have afforded him due process if he were a female." R&R at 22; see Am. Compl. ¶¶ 188-94. Like the defective

7

allegations in the original Complaint, the allegations in the Amended Complaint "are . . . conclusory" and "do not meaningfully advance Brown's . . . claim across the line from conceivable to plausible." R&R at 20, 22. The court agrees with the Magistrate Judge that such conclusory allegations, which do not establish "a causal connection between the flawed outcome and gender bias," are not sufficient to survive a motion to dismiss. Yusuf, 35 F.3d at 715; see R&R at 22. Therefore, the court **OVERRULES** this objection and **ADOPTS** and **APPROVES** the Magistrate Judge's conclusion that the claims in Count III against NSU, the Board, and the Commonwealth of Virginia, for gender discrimination fail to state a claim.

### C. Breach of Contract

The Plaintiff objects to the Magistrate Judge's conclusion that Virginia law does not recognize binding contracts between a university and a student unless there is "absolute mutuality of engagement." Doe v. Washington & Lee Univ., 439 F.Supp. 3d 784, 790 (W.D. Va. 2020). The Plaintiff argues that "Virginia does not require absolute mutuality of engagement where consideration in the form of money has already been rendered for services." Pl. Objs. at 12. Therefore, according to the Plaintiff, "absolute mutuality of engagement" is not required in this case. Id.

The Plaintiff cites no case or authority from Virginia in which university guidelines and student conduct policies constituted enforceable contracts between schools and students when the terms of those policies expressly reserved for the school the right to unilaterally modify policies. In contrast, the Magistrate Judge cited numerous cases, see R&R at 24, applying Virginia law and holding that Universities' student conduct policies, student handbooks, and course catalogs did not constitute binding contracts because generally applicable conduct policies "serve as 'guidelines' for student rather than reciprocal agreements" since they do not bind the school. Washington & Lee Univ., 439 F. Supp. at 792. Therefore, the court **OVERRULES** this objection and **ADOPTS** and **APPROVES** the Magistrate Judge's conclusion that the claim in Count V for breach of contract is insufficient for failure to state a claim.

### III. Conclusion

Having reviewed the record in its entirety and the Objections to the R&R, and having made de novo determinations with respect thereto, the court hereby **OVERRULES** the Plaintiff's Objections to the R&R. The court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, ECF No. 46, filed on October 20, 2020, such that:

The Defendants' Motion to Dismiss is **GRANTED** with respect to the free speech claim against Porter and Johnson premised on the Plaintiff's text message and appeal letter on the grounds of qualified immunity, and this portion of Count II is **DISMISSED WITH PREJUDICE.**

The Defendants' Motion to Dismiss is **GRANTED** with respect to the free speech claim against Porter and Johnson premised on the Plaintiff's articles and conversations for failure to state a claim, and this portion of Count II is **DISMISSED WITHOUT PREJUDICE.**

The Defendants' Motion to Dismiss is **GRANTED** with respect to the Title IX gender discrimination claim against the Commonwealth of Virginia for failure to state a claim, and Count III is **DISMISSED WITH PREJUDICE** as to the Commonwealth of Virginia.

The Defendant's Motion to Dismiss is **GRANTED** with respect to the Title IX gender discrimination claim against NSU and the Board for failure to state a claim, and Count III is **DISMISSED WITHOUT PREJUDICE** as to NSU and the Board.

The Defendants' Motion to Dismiss is **GRANTED** with respect to the breach of contract claim against NSU and the Board for failure to state a claim, and Count V is **DISMISSED WITHOUT PREJUDICE.**

10

Given that the Plaintiff, through counsel, has already filed an Amended Complaint, and for the reasons stated herein, the Amended Complaint has failed to state a claim for relief, the court **DENIES** further leave to amend. Accordingly, the Clerk is **DIRECTED** to close this case on the court's docket and enter judgment for the Defendants.

The Clerk is further **DIRECTED** to send a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

December 8 , 2020